11-3195-ag
Haojie Wang  v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand twelve.

PRESENT:  RALPH K. WINTER,
    ROBERT D. SACK,
    REENA RAGGI,
      *Circuit Judges.*

---------------------------------------------------------------------------------------

HAOJIE WANG,
      *Petitioner,*

    v.                No. 11-3195-ag

ERIC H. HOLDER, JR.,
      *Respondent.*

---------------------------------------------------------------------------------------

APPEARING FOR PETITIONER:  GARY J. YERMAN, Esq., New York, New York.

APPEARING FOR RESPONDENT:  AIMEE J. CARMICHAEL, Trial Attorney (Tony West, Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of a Board of Immigration Appeals ("BIA") decision is DENIED.

Haojie Wang, a native and citizen of China, seeks review of a July 29, 2011 decision of the BIA affirming the May 19, 2010 decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Haojie Wang, No. A099 934 556 (B.I.A. July 29, 2011), aff'g No. A099 934 556 (Immig. Ct. N.Y.C. May 19, 2010). Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA, see Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005), under well established standards of review, see 8 U.S.C. § 1252(b)(4)(B); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165–66 (2d Cir. 2008). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to deny the petition for review.

Under the 2005 amendments to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), which apply to Wang's case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," "the inherent plausibility" of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); see Xiu Xia Lin v.

2

Mukasey, 534 F.3d at 167. We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." Xiu Xia Lin v. Mukasey, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination given the material omissions in Wang's asylum application. Wang's application, filed in March 2007, contained detailed information regarding the harm sustained by his wife under China's family planning policy, including two forced abortions and the insertion of an intrauterine device ("IUD"). His application was silent, however, regarding his own resistance to family planning officials and the consequences of his resistance, which Wang described in a revised personal statement dated November 30, 2007, and during the IJ hearing on May 19, 2010. These facts included: (1) the leaders of Wang's "work unit," acting at the behest of local authorities, assaulted him after learning of his wife's third pregnancy; (2) after taking Wang to the hospital to receive twenty stitches for a laceration suffered during that assault, Wang's assailants attempted to have the attending physician perform a vasectomy on him; (3) the work unit leaders contacted Wang's mother about his injury and instructed her to contact Wang's wife and ask her to return home, where authorities were waiting to take her for a forcible abortion; and (4) Wang and his wife were subsequently fired from their work unit. These facts were also omitted from Wang's wife's asylum application and her initial letter in support of Wang's application. When Wang did reveal the noted facts, he did not offer any corroborating hospital records.

3

In considering Wang's challenge, we are mindful that, at the time he filed his application for relief from removal, prevailing case law recognized that an alien whose spouse was forced to undergo an abortion or sterilization under China's family planning policy had established his own derivative past persecution. See, e.g., Matter of C-Y-Z-, 21 I. & N. Dec. 915, 918–19 (B.I.A. 2007). In July 2007, after Wang's asylum application was referred to an IJ, this court, sitting en banc, held that the statute does not provide an alien with automatic eligibility for refugee status based on harm to a spouse. See Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 300 (2d Cir. 2007) (en banc). Thereafter, at his asylum hearing before the IJ, Wang testified that, in the course of preparing his relief application, he had only told his attorney about his wife's two forced abortions and insertion of an IUD. It was only after a "counselor" advised him of the need to assert his own victimization in the wake of Shi Liang Lin that Wang recalled his own persecution.

In finding Wang not credible, the IJ concluded that Wang failed to offer a satisfactory explanation for omitting these facts pertinent to his own personal persecution from his application. The IJ noted Wang's acknowledgment that his attorney had asked him to provide any information about persecution to both spouses, and concluded that the belatedly revealed information pertaining to Wang was so intertwined with the alleged persecution of his wife that he would have been expected to include it in any credible account of the events at issue. The IJ observed that the omissions related "not just [to] the injury that [Wang] himself sustained but [to] the fact that this claimed injury allegedly precipitated a whole

4

chain of events that ultimately led to his wife being duped into coming back to see him and her being captured for a second abortion." C.A.R. 91. In other words, the IJ concluded that, had Wang's narrative been truthful, he would have likely understood that the initially omitted information was relevant to his petition, notwithstanding the intervening change in the law. This provides a reasonable basis for the challenged adverse credibility ruling. See Xian Tuan Ye v. Dep't of Homeland Sec., 446 F.3d 289, 292, 294–95 (2d Cir. 2006) (affirming adverse credibility determination where petitioner omitted from application harm he suffered, but included harm to his wife). Accordingly, we defer to that ruling and conclude that it provides substantial support for rejecting Wang's asylum claim on the basis of his own past persecution.

Because Wang's claims for withholding of removal and CAT relief similarly depended upon his credibility, the reasonable adverse determination of that issue necessarily supports the agency's denial of those alternative forms of relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal previously granted by this court is VACATED, and any pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5